IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GEORGE STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV54 |
| | ) | |
| LIEUTENANT BULLARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court upon Plaintiff George Stephen's Motion for Default Judgment against Defendants Lieutenant Bullard ("Lt. Bullard"), Officer Kerstetter[1], and Officer Moreno. (Docket Entry 13; *see also* Docket Entry 12.)[2] Also before the Court is Defendant Kerstetter's Motion to Set Aside Entry of Default. (Docket Entry 15.) These matters are ripe for disposition. For the following reasons, it is recommended that the Court grant Defendant Kerstetter's motion to set aside entry of default and deny Plaintiff's motions for default judgment.

**I. BACKGROUND**

Plaintiff, a *pro se* prisoner, filed this action alleging he was maliciously beaten by Officers Kerstetter and Moreno in June 2019 while in his cell at the Scotland Correctional Institution

---

[1] Defendant's last name appears to be spelled incorrectly in Plaintiff's Complaint. (*See* Complaint, Docket Entry 2; Answer, Docket Entry 14.)

[2] Plaintiff initially filed a document entitled "Motion Execute Judgment by Default" essentially seeking default judgment against Defendants. (*See* Docket Entry 12.) The Court will consider this motion in conjunction with his Motion for Default Judgment.

("Scotland"). (*See generally* Complaint, Docket Entry 2.) Plaintiff alleges that Lt. Bullard ordered the attack after Plaintiff had been accused of indecent exposure to another officer. (*See id.* at 15-16.)³ Plaintiff states that he suffered multiple physical injuries as well as anxiety from the incident. (*Id.* at 5.) He seeks monetary damages from Defendants. (*Id.*)

Since the issuance of the summonses, the U.S. Marshal filed Returns indicating that Defendants had been served. (Docket Entries 6-8.) After no answer or responsive pleading was filed, Plaintiff moved for entry of default against Defendants. (Docket Entry 10.)⁴ Thereafter, the Clerk, having concluded that Defendants were served the summons and complaint on February 26, 2021, and neither had filed an answer nor responsive pleading, entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Docket Entry 11.) Plaintiff then moved for default judgment against Defendants. (Docket Entries 12, 13.) In response, Officer Kertsetter filed a motion to set aside entry of default along with his answer to the Complaint. (Docket Entries 14, 15.) Plaintiff did not respond to the motion.

## II. DISCUSSION

### A. <u>Officer Kertsetter's Motion to Set Aside Entry of Default</u>

At the outset, the undersigned notes that Plaintiff has failed to respond to Officer Kerstetter's motion to set aside entry of default. Under the Local Rules of the Middle District of North Carolina, where a party fails to file a timely response to a motion, the motion will be "considered and decided as an uncontested motion, and ordinarily will be granted without

---

³ All citations in this recommendation refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

⁴ Because default had not yet been entered in the case, Plaintiff's motion was treated as a motion for entry of default.

2

further notice." Local Rule 7.3(k); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing the Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failing to respond to an argument amounts to concession). Because Plaintiff failed to file a timely response, Officer Kerstetter's motion could be granted as a matter of course pursuant to Local Rule 7.3(k). Plaintiff's status as a *pro se* litigant does not excuse his inaction. Even though the motion could be granted on this ground alone, the Court will nevertheless consider the merits of Officer Kerstetter's motion.

Pursuant to the Federal Rules of Civil Procedure, "[t]he Court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Fourth Circuit has held that certain factors must be considered to determine if there is "good cause" to set aside an entry of default: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969) (citation omitted). Resolution of motions made under Rules 55(c) "is a matter which lies largely within the discretion of the trial judge[.]" *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Considering the factors in *Payne*, the Court concludes that Officer Kerstetter's motion should be granted. Defendant Kerstetter argues that a meritorious defense is present because

while Plaintiff claims he was beaten, the incident report includes statements from several officers that Plaintiff was not beaten. (*See* Docket Entry 16 at 4.) The incident report is not part of the Court's record at this juncture; thus, Defendant's argument is tenuous at best.[5]

Nevertheless, the Court "recognizes the general policy of deciding cases on their merits." *Rasmussen v. Am. Nat. Red Cross*, 155 F.R.D. 549, 552 (S.D.W. Va. 1994). Moreover, counsel for Defendant Kerstetter represents that Defendant was unaware that no action regarding this civil suit had been taken on his behalf. The delay here stems from miscommunications between Scotland and the North Carolina Department of Public Safety's General Counsel's Office. (*See* Docket Entry 16 at 2, 4.) In addition, Defendant Kerstetter acted with reasonable promptness in filing the pending motion after receiving notice of the entry of default. Also, Plaintiff, who has not responded to this motion, would not be prejudiced by setting aside entry of default in this action. *Payne*, 439 F.3d at 205. Lastly, there is no history of dilatory conduct on the part of Defendant Kerstetter, and less drastic sanctions would be available if such were requested and warranted. Thus, for good cause shown, and because the relevant factors weigh in favor of setting aside entry of default, Defendant Kerstetter's motion should be granted.

### B. Plaintiff's Motions for Default Judgment

Plaintiff has filed motions seeking default judgment against Defendants, and relief as set forth in the Complaint. (Docket Entry 13; *see also* Docket Entry 12.) At the outset, because the Court recommends that entry of default against Defendant Kerstetter should be set aside

---

[5] The undersigned notes that Defendant Kerstetter's Answer generally denies Plaintiff's allegations. (*See* Docket Entry 14.)

in this matter, Plaintiff's motion should be denied as to said Defendant. Plaintiff's motion should also be denied as to Defendants Lt. Bullard and Officer Moreno for the reasons that follow.

First, in light of the recommendation to set aside entry of default against Defendant Kerstetter and to allow this matter to proceed, an entry of default judgment against Lt. Bullard and Officer Moreno would be premature. *See Richardson v. Bostick*, No. 5:11-CT-3045-FL, 2013 WL 3166398, at *5 (E.D.N.C. June 20, 2013) (unpublished) (quotations and citation omitted) ("The court concludes that entry of default judgment against the defaulting defendants at this point in the proceedings would present the risk of inconsistent judgments *Frow* [*v. De La Vega,* 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)] sought to avoid and would therefore be premature before the liability of the non-defaulting defendants has been determined."); *In re Moss*, No. 03-12672C-7G, 2005 WL 1288134, at *1 (Bankr. M.D.N.C. May 16, 2005) (unpublished) ("When parties are jointly liable, judgment ordinarily should not be entered against one defendant while the liability of the other defendants remains unresolved.").

Second, counsel for Defendant Kerstetter represents that Lt. Bullard died in November 2021. (*See* Docket Entry 16 at 2.) Although no formal suggestion of death has been filed in the record triggering the time to seek substitution of parties, *see* Fed. R. Civ. P. 25, counsel's statement raises concerns regarding the status of this matter against Lt. Bullard. *See State Farm Life Ins. Co. v. Eckert*, No. CV DKC 18-3078, 2019 WL 4060015, at *2 (D. Md. Aug. 28, 2019) (unpublished) ("Plaintiff's Statement regarding [the death of Defendant] complicates the status of this case and requires the court to consider the possible substitution of the estate of [the deceased].").

5

Third, as the allegations against all Defendants are closely interrelated, both Officer Moreno and Lt. Bullard may have similar defenses as Defendant Kerstetter such as qualified immunity and governmental immunity. "Such defenses, if successful, would inure to the benefit of the defaulting defendants." *Richardson*, 2013 WL 3166398, at *4. *See also Lewis v. Jordon*, No. 1:09CV21, 2011 WL 13239040, at *2 (M.D.N.C. Apr. 6, 2011) (unpublished) ("Where liability is joint and several or closely interrelated and a defending party establishes that a plaintiff has no cause of action or present right of recovery, a defaulted defendant benefits from this showing.") (citation omitted). For all these reasons, Plaintiff's motion should also be denied at this time as to Defendants Lt. Bullard and Officer Moreno.

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that the Court **GRANT** Defendant Kerstetter's Motion to Set Aside Entry of Default (Docket Entry 15) and that the Court's Entry of Default (Docket Entry 11) be set aside as to Defendant Kerstetter.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motions for Default Judgment (Docket Entries 12, 13) be **DENIED** to the extent they seek default judgment against Defendant Kerstetter and **DENIED WITHOUT PREJUDICE** to the extent they seek default judgment against Officer Moreno and Lt. Bullard.

/s/ Joe L. Webster
United States Magistrate Judge

June 15, 2022
Durham, North Carolina